IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CHRISTOPHER R.
JACKSON,

                        Plaintiff,

           v.                        CASE NO.  08-3272-SAC

JAMES WEST,
et al.,

                   Defendants.

                   O R D E R

     This civil rights complaint, 28 U.S.C. § 1331, was filed by an
inmate of the CCA-Leavenworth Detention Center, Leavenworth, Kansas
(CCA).  Plaintiff names as defendants James West, another inmate who
was confined at the United States Penitentiary at Leavenworth (USPL)
at the same time as plaintiff; and Duke Terrell, the Warden at the
USPL.


**FACTUAL ALLEGATIONS AND CLAIMS**

     As the factual basis for his complaint, Mr. Jackson alleges as
follows.  On March 15, 2007, while confined at the USPL, he was
placed in a recreation cage with inmate James West.  "While being
uncuffed by C/O Cooper, inmate West pulled a sharp object out of his
waistband" and stabbed plaintiff three times in the shoulder while
plaintiff was in restraints.  C/O Cooper and C/O Russ entered the
cage and escorted plaintiff into another cell to await medical
attention.  Pictures were taken of plaintiff's wounds.

     Plaintiff complains that his being restrained "render(ed) him
unable to care for himself," and no pat search was conducted by

either C/O Cooper or C/O Russ.   He further complains that "no procedure was enforced, as for inmates being checked going to rec" nor were "our cellys placed in restraints leaving the cell" to prevent "harm being done to us leaving for rec."   He claims all this could have been prevented "if security measures" were taken seriously.   Plaintiff asserts that defendants were deliberately indifferent "to the risk, that the inmate may be attacked."   He claims that he suffered mental anguish.   He requests damages in the amount of the "allotment allowed for this type of case."

**APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2), and has attached an Inmate Account Statement for a five-month period.   Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of the filing of a civil action.   Having examined the limited record provided of plaintiff's account, the court finds the average monthly deposit to plaintiff's account over the five-month period was $34.40, and the average monthly balance was not provided.   The court therefore assesses an initial partial filing fee of $6.50, twenty percent of the average monthly deposit, rounded to the lower half dollar[1].   Plaintiff must pay this initial partial

---

[1]      Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff will remain obligated to pay the remainder of the full $350.00 district court filing fee in this civil action.   Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

filing fee before this action may proceed further.  He will be given time to submit the assessed fee to this court.  His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**SCREENING**

Because Mr. Jackson is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is deficient in several respects.  Plaintiff will be given time to cure the deficiencies discussed herein by filing either a Supplement or an Amended Complaint.[2]

**FAILURE TO STATE CLAIM AGAINST DEFENDANT WEST**

The proper defendant in a complaint for violation of constitutional rights brought under 28 U.S.C. § 1331 is a federal official.  Defendant West is an inmate, and plaintiff acknowledges that West was not acting in an official capacity or as a federal employee at the time of the assault.  It follows that plaintiff has stated no claim under § 1331 against defendant West[3].  Accordingly, this action shall be dismissed as against defendant West.

---

[2]    If plaintiff files a Supplement, its contents will be considered together with his original complaint.  If he files an Amended Complaint, the original complaint is completely superceded and no longer considered, and the Amended Complaint is considered by itself.

[3]    If plaintiff has a cause of action against defendant West, it would probably be in state court based upon a tort remedy created by state law.

**FAILURE TO ALLEGE PERSONAL PARTICIPATION OF DEFENDANT TERRELL**

The only other named defendant is Warden Duke Terrell. A penitentiary warden employed by the United States Bureau of Prisons is clearly a federal official and a proper defendant in a § 1331 lawsuit. However, plaintiff has failed to allege sufficient facts to state a claim against this defendant. Plaintiff's allegations against defendant Terrell do not include the "necessary direct, personal participation required to establish <u>Bivens</u> liability." <u>See Kite v. Kelley</u>, 546 F.2d 334, 338 (10th Cir. 1976). Plaintiff does not describe even one act by this defendant in connection with the alleged assault. Instead, plaintiff merely states that Warden Terrell "oversees all operations as the Warden." The warden of a prison may not be held liable for money damages based only upon his supervisory capacity over others at the prison.

**FAILURE TO STATE A CLAIM OF FEDERAL CONSTITUTIONAL VIOLATION**

Even if plaintiff named as defendant a prison official present during the time of the assault, he fails to allege sufficient facts to support a federal constitutional violation. 28 U.S.C. § 1331 provides "federal question" jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." In order for a remedy to exist under § 1331 "[a] federal constitutional question must exist 'not in mere form, but in substance, and not in mere assertion, but in essence and effect'." <u>Smith v. Plati</u>, 258 F.3d 1167 (10th Cir. 2001)(citation omitted), <u>cert</u>. <u>denied</u>, 537 U.S. 823 (2002). In the instant complaint, plaintiff's allegations of constitutional violations are nothing more than conclusory

assertions.   Generally,  courts  have  long  held  that  an  isolated assault  upon  an  inmate  by  another  inmate  does  not,  without  more, state  a  federal  constitutional  violation.   While  plaintiff  makes conclusory  statements  of  deliberate  indifference  and  security measures  not  being  taken  seriously,  he  alleges  no  facts  to  support an  inference  that  the  incident  of  assault  should  have  been anticipated  or  could  have  been  prevented  by  defendant  Terrell.   Nor has  he  alleged  facts,  rather  than  conclusions,  which  if  proven  would demonstrate  that  defendant  Terrell  engaged  in  a  pattern  or  practice of  providing  inadequate  safety  for  inmates  in  recreation  cages.

This  Court  "will  not  supply  additional  facts,  nor  will  [it] construct  a  legal  theory  for  plaintiff  that  assumes  facts  that  have not  been  pleaded."   See  Dunn v. White,  880  F.2d  1188,  1197  (10th Cir.  1989),  cert.  denied,  493  U.S.  1059  (1990)(summary  judgment). Conclusory  allegations  of  injury  will  not  suffice.   Wardell  v. Duncan,  470  F.3d  954,  959  (10th  Cir.  2006);  Hall v. Bellmon,  935  F.2d 1106,  1110  (10th  Cir.  1991);   Johnson,  452  F.3d  at  974.

Moreover,  even  accepting  as  true  plaintiff's  conclusory statement  that  "no  procedure  was  enforced,"  the  court  finds  no federal  constitutional  claim  is  stated.   The  failure  to  adhere  to prison  administrative  procedure,  without  more,  does  not  amount  to  a federal  constitutional  violation.   Hovater v. Robinson,  1  F.3d  1063, 1068  FN4  (10th  Cir.  1993);  Phillips v. Norris,  320  F.3d  844,  847  (8th Cir.  2003)(A  prisoner  has  no  federal  constitutional  liberty  interest in  having  prison  officials  follow  prison  regulations);  see  Sandin v. Conner,  515  U.S.  472  (1995);  Myers v. Klevenhagen,  97  F.3d  91,  94 (5th  cir.  1996);  Arcoren v. Peters,  829  F.2d  671,  676  (8th  Cir. 1987),  ("A  Bivens  action  "must  be  founded  upon  a  violation  of

constitutional rights," and "a failure to adhere to administrative regulations does not equate to a constitutional violation."), <u>cert.</u> <u>denied</u>, 485 U.S. 987 (1988).

**FEDERAL TORT CLAIM**

Mr. Jackson mentions that he sought $5,000.00 in a federal tort claim filed by him that was "denied by the region."  A claim for money damages based upon the alleged negligence of a federal prison employee acting in his official capacity as an employee of the United States must be brought under the Federal Tort Claims Act (FTCA)[4].  Congress has provided a cause of action against the United States under the FTCA for injury caused by the negligent or wrongful act or omission of any employee of a federal agency acting in his or her official capacity.  28 U.S.C. § 2672; <u>United States v. Orleans</u>, 425 U.S. 807, 813 (1976)("The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment.");  <u>see</u> 28 U.S.C. § 1346(b).

Because the FTCA constitutes a waiver of the Government's sovereign immunity, the conditions established by the FTCA are strictly construed.  <u>See</u> <u>Pipkin v. U. S. Postal Serv.</u>, 951 F.2d 272, 275 (10th Cir. 1991); <u>Bradley v. United States</u>, 951 F.2d 268, 270 (10th Cir. 1991); <u>see also</u> <u>Franklin Savings Corp., In re</u>, 385 F.3d 1279, 1287 (10th Cir. 2004), <u>cert.</u> <u>denied</u>, 546 U.S. 814 (2005).  The

---

[4]     The provisions of the FTCA are found in Title 28 of the United States Code.  28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

FTCA requirements are jurisdictional and cannot be waived.  <u>See</u> <u>Estate of Trentadue ex rel. Aquilar v. U.S.</u>, 397 F.3d 840, 852 (10th Cir. 2005); <u>Industrial Constructors Corp. v. U.S. Bureau of Reclamation</u>, 15 F.3d 963, 967 (10th Cir. 1994).  The requirements include that the only proper defendant is the United States, and the damages may not exceed the amount that was actually requested in plaintiff's administrative tort claim.  If plaintiff intended to bring this action for judicial review of denial of his administrative tort claim[5], he must file an Amended Complaint citing the FTCA, naming the United States as the sole defendant, and claiming a sum certain in damages.  He must also allege facts showing that he was injured due to the negligence or misconduct of a federal employee or employees.

## FAILURE TO STATE CLAIM FOR INJUNCTIVE RELIEF

Plaintiff does not specify the relief he seeks.  The court notes that he fails to allege sufficient facts indicating he is entitled to injunctive relief.  A party cannot maintain an action for injunctive relief unless a substantial likelihood of being injured in the future is demonstrated.  <u>Facio v. Jones</u>, 929 F.2d 541, 544 (10th Cir. 1991); <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 103 (1983)("[P]ast wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy.").  Since plaintiff alleges no facts establishing a pattern or practice, he does not demonstrate a substantial

---

[5]    Plaintiff alleges that he submitted a "tort claim with the United States," which was apparently denied on May 13, 2008.  However, he does not bring this action under the FTCA.

likelihood of future injury.  Moreover, he is no longer confined at the USPL where the alleged breach of security occurred.

## PLAINTIFF REQUIRED TO SHOW CAUSE

Mr. Jackson shall be given time to show cause why his complaint under § 1331 should not be dismissed for failure to name as defendant a federal official who actually participated in or caused the alleged assault, and for failure to state facts in support of a federal constitutional claim.  He may do so by filing a Supplement to his complaint under § 1331 and Bivens stating sufficient facts to support a claim of federal constitutional violation as well as to state a cause of action against the named defendants, or by filing an Amended Complaint under the FTCA.  If plaintiff fails to cure the deficiencies in his complaint discussed herein in the time allotted by the court, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 6.50.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fee as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty (30) days plaintiff must cure the deficiencies in his complaint as discussed herein by either filing a "Supplement to his Complaint" or an "Amended Complaint."

The clerk is directed to transmit a copy of this order to the financial officer at the institution where plaintiff is currently confined.

**IT IS SO ORDERED**.

Dated this 2nd day of December, 2008, at Topeka, Kansas.




s/Sam A. Crow
U. S. Senior District Judge